## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 29 2018, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Seth Row
Daniel Bogatz
Cleveland, Ohio

ATTORNEY FOR APPELLEE

T. Andrew Perkins
Rochester, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

National Collegiate Student
Loan Trust 2006-4,

*Appellant-Plaintiff,*

v.

Debra Vance (Bock),

*Appellee-Defendant.*

October 29, 2018

Court of Appeals Case No.
18A-CC-1061

Appeal from the
Fulton Superior Court

The Honorable
Wayne E. Steele, Judge

Trial Court Cause No.
25D01-1601-CC-50

**Altice, Judge.**

Debra Vance, now known as Debra Bock,[1] co-signed on a student loan for another individual, who never made payments on the loan. National Collegiate Student Loan Trust 2006-4 (Lender) filed a complaint against Vance to collect on the delinquent loan. Lender filed a motion for summary judgment, and Vance filed her own motion for summary judgment. Following a hearing, the trial court granted summary judgment in favor of Vance, and Lender now appeals, raising three issues that we consolidate and restate as: whether the trial court erred when it determined that Vance's debt on the student loan had been discharged in her Chapter 7 bankruptcy.

We reverse and remand.

## Facts and Procedural History

On October 22, 2006, Vance co-signed a student loan promissory note with Charter One Bank, N.A. (Charter One) for an Astrive Education Loan for Sean P. Dehoney (Student) to attend Axia College. The principal amount of the loan including a prepaid finance charge was $19,398.91, which funds were disbursed to Student pursuant to the contract on November 9, 2006. In December 2006, the loan was assigned by Charter One to National Collegiate Funding, LLC through a 2006-4 Pool Supplement, and on that same date, National Collegiate Funding, LLC assigned the account to Lender through a Deposit and Sale

---

[1] For the sake of simplicity and consistency, we will use the name Vance in this decision as that is the name that appears in the relevant loan documents.

Agreement, assigning all right, title, and interest. No payment was ever made on the student loan.

[4] In June 2013, Vance filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code. According to Vance, she listed the student loan as a scheduled debt, but its dischargeability was not expressly litigated in the bankruptcy proceeding. In September 2013, Vance received a general discharge pursuant to 11 U.S.C. § 727 (Section 727), and the bankruptcy case was closed in June 2014.

[5] In January 2016, Lender filed a Complaint in the Fulton Superior Court against Vance to collect on the student loan debt, stating that the total amount due at that time including accrued interest was $34,597.78. Lender attached to its Complaint the Loan Credit Agreement and the Note Disclosure Statement. Vance by counsel filed an Answer, asserting as an affirmative defense that,"[w]hile the Complaint appears to reference a student loan, which under certain circumstances would be excepted from a discharge in a Chapter 7 case, the type of student loan contained in the Complaint is not the type of student loan excepted from a discharge in a Chapter 7 Bankruptcy case," and "[a]ny claim . . . contained in the Complaint is barred from collection and was discharged in the Defendant's bankruptcy case pursuant to the discharge order." *Appellant's Appendix Vol. 2* at 19. Vance attached to her Answer the Discharge of Debtor (Discharge) dated September 16, 2013. The Discharge directed the debtor to "SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION," and, on the reverse side was an

"EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE." *Id*. at 21. It stated, "Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed." *Id*. It continued:

**Debts That are Not Discharged**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy are:

d. Debts for most student loans[.]

*Id*. (emphasis in original).

[6] In March 2017, Lender filed its Motion for Summary Judgment, arguing that Lender and Vance entered into a credit agreement, Vance failed to make required payments and is in default, no genuine issues of material fact existed, and Lender was entitled to judgment as matter of law. In its designation of evidence, Lender designated, in addition to the Complaint and Answer, the Affidavit of Dudley Turner, who was employed by Transworld Systems Inc. (TSI), the company that was "the Subservicer for [Lender] pertaining to the education loan" at issue. *Id*. at 38. According to Dudley's Affidavit, TSI maintained loan account records and documentation concerning the subject student loan. The Affidavit included seven attachments, one of which was the Credit Agreement that contained the following pertinent provision:

12. **I understand and agree that this loan is an education loan and certify that it will be used only for costs of attendance at the School. I acknowledge that the requested loan is subject to**

**the limitations on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code because either or both of the following apply: (a) this loan was made pursuant to a program funded in whole or in part by The Education Resources Institute, Inc. ("TERI"), a non-profit institution, or (b) this is a qualified education loan as defined in the Internal Revenue Code. This means that if, in the event of bankruptcy, my other debts are discharged, I will probably still have to pay this loan in full.**

*Id*. at 45 (emphasis in original).

In April 2017, Vance filed her Response to Lender's motion for summary judgment and, separately, filed her own Motion for Summary Judgment. Vance asserted that "either there are genuine issues of material fact in this case" and Lender's motion should be denied, "OR, in the alternative, that there are no genuine issues of material fact, and that [Vance] is entitled to judgment as a matter of law[.]" *Id*. at 89. In her Response, Vance initially argued, "clearly a genuine issue of material fact" existed as to whether the debt was discharged in her bankruptcy case, specifically, "whether the education loan that is the subject of [Lender]'s Complaint is the type of debt which is excepted from a discharge or not." *Appellant's Appendix Vol. 2* at 90. Vance recognized that, under the Bankruptcy Code, certain student loans are not generally dischargeable but argued that the student loan in this case "was not a government loan, but a private loan" and, further, that the subject loan was not a "qualified education loan" as that term is defined by the Internal Revenue Service; therefore, she argued, "the type of loan in this case is not the type of loan excepted from

discharge in a bankruptcy case." *Id*. at 92. Vance asserted in her Response that Lender "presented no evidence" that the loan qualified "for an exception to [her] bankruptcy discharge" and thus Lender "failed to satisfy its burden of proof." *Id*. at 93.

[8] Alternatively, Vance asserted in her Response that she was entitled to summary judgment because the debt was listed on her bankruptcy schedules, and "even if this debt was not listed on her schedules, her case was a 'no asset' case which . . . did not require debts to be listed on the . . . schedules for them to be discharged," and, in any event, she "provided proof" that the bankruptcy provision indicating that certain student loans are not discharged in bankruptcy "does not apply to the loan" in question. *Id*. at 93.

[9] Vance filed a Designation of Evidence "relevant to the genuine issues of material fact," which designated, in addition to the pleadings and attachments, an Affidavit by Vance. Vance averred that (1) Student "is not my spouse or dependent," (2) "[t]he loan proceeds were paid to [him] . . . and they were spent by him for his own expenses," (3) she filed bankruptcy and "listed the loan that is the subject of [Lender]'s Complaint . . . on [her] bankruptcy schedules," (4) her bankruptcy was "a 'no asset' case in that no assets were collected and distributed to creditors by the trustee," (5) she was granted a discharge in the bankruptcy case on September 16, 2013, as evidenced by the Discharge of Debtor form attached to her Affidavit, and (6) her bankruptcy case was closed on June 23, 2014, as evidenced by the Order Approving Final Account, Discharging Trustee and Closing Case, attached to her Affidavit. *Id*. at 78-79.

Lender timely filed a Reply, asserting that the student loan was excepted from discharge. Lender argued that pursuant to 11 U.S.C. § 523(a)(8) (Section 523), as well as federal case law, "[s]tudent loans are generally not dischargeable in bankruptcy unless the debtor proves that excluding the loans from discharge would impose an undue hardship on the debtor." *Appellant's Appendix Vol. 2* at 96 (citing *Tetzlaff v. Educ. Credit Mgmt. Corp.*, 794 F.3d 756, 758 (7th Cir. 2015)). It further asserted that Vance was incorrect in claiming that it was Lender's burden to establish that the debt was not discharged, as the burden was on her to establish that the educational loan was excluded from discharge, "typically [accomplished] by filing an adversary proceeding" in bankruptcy court. *Id.* at 95. In response to Vance's assertion that the loan in question did not qualify for the definition of a "qualified educational loan," Lender stated, first, that a determination of whether the loan was a "qualified educational loan" was unnecessary to the analysis based on other provisions of Section 523, and second, any such determination "could only properly be adjudicated by the Bankruptcy Court." *Id.* Lender maintained that it was entitled to judgment as a matter of law, but that, should the trial court disagree that Lender was entitled to judgment, Lender consented "to an indefinite stay . . . so as to permit [Vance] to seek a declaratory judgment from the bankruptcy court clarifying whether the instant loan was discharged." *Id.*

At the March 2018 hearing on the parties' motions for summary judgment, Lender argued that (1) typically student loans are not discharged unless the debtor presents evidence of undue hardship, and (2) the debtor or other party

responsible for payment has the burden of proving that the student loan was discharged. Vance responded that it is the creditor's obligation to prove that the specific debt trying to be collected is excepted from discharge. Vance also clarified that she was not claiming undue hardship; rather, her position was that "this is not the kind of student loan that is accepted [sic] from discharge," arguing that Lender had not "made the required showing" that this student loan meets the "qualified education loan" definition and that she was thus entitled to summary judgment. *Transcript* at 6, 8. Alternatively, Vance asserted "there are multiple genuine issues of material fact." *Id*. at 9. Lender offered that Lender would be amenable to an indefinite stay "just to allow time for the Bankruptcy Court to determine whether or not this particular loan was discharged." *Id*. Vance maintained that a stay was not warranted, arguing that Lender should have asked for relief from discharge in the two years that the case had been pending. Following the hearing, the trial court issued an order summarily granting judgment in Vance's favor. Lender now appeals.

## Discussion & Decision

[12] There is no dispute that Vance co-signed on the student loan or that the claimed amount is due and owing to Lender. Vance's position is that the trial court correctly entered summary judgment in her favor because the debt was discharged in her Chapter 7 bankruptcy. Lender maintains, on the other hand, that the trial court should have granted summary judgment in its favor because the student loan debt was nondischargeable pursuant to Section 523 and no

genuine issues of material fact remained as to whether Vance owed the debt on the defaulted student loan.

[13] When reviewing a grant or denial of a motion for summary judgment, our standard of review is the same as it is for the trial court. *McCullough v. CitiMortgage, Inc.*, 70 N.E.3d 820, 824 (Ind. 2017). "The moving party 'bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.'" *Id.* (quoting *Gill v. Evansville Sheet Metal Works, Inc.,* 970 N.E.2d 633, 637 (Ind. 2012)). If the movant carries its burden, "'then the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact.'" *Id.* In determining whether summary judgment is proper, the reviewing court considers only the evidentiary matter the parties have specifically designated to the trial court. Ind. Trial R. 56(C). We construe all factual inferences in the nonmoving party's favor and resolve all doubts as to the existence of a material issue against the moving party. *McCullough*, 70 N.E.3d at 824.

[14] In determining whether Vance's debt on the student loan was discharged, as she claims, or nondischargeable, as Lender claims, we must examine relevant Bankruptcy Code provisions. We begin by examining Section 727, under which Vance received her Discharge. Section 727 provides in relevant part:

> (b) *Except as provided in section 523 of this title*, a discharge under subsection (a) of this section discharges the debtor from all debts

that arose before the date of the order for relief under this chapter[.]

(Emphasis added). Section 523 states, in relevant part:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt --
>
> > (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for --
> >
> > > (A) (i) any educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
> > >
> > > (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

"'The legislative history of section 523(a)(8) indicates that the statute was meant to be self-executing so that the creditor would not be required to file a complaint to determine the dischargeability of a student loan.'" *In re Clark*, 341 B.R. 238, 248 (Bankr. N.D. Ill. 2006) (quoting *United States v. Wood*, 925 F.22d 1580, 1583 (7th Cir. 1991)). "Thus, it is the debtor who is required to file an adversary proceeding against the holder of a student loan debt in order to show that the

debt should be discharged." *Id.* (citing *In re Hanson*, 397 F.3d 482, 484 (7th Cir. 2005)).

[15] The parties agree that Section 523(a)(8) has been interpreted to mean that four types of educational loans are not included in a Section 727 discharge, absent undue hardship on the debtor, and those four types are: (1) loans made, insured, or guaranteed by a governmental unit; (2) loans made under any program partially or fully funded by a government unit or nonprofit institution; (3) loans received as an educational benefit, scholarship, or stipend; and (4) any "qualified educational loan" as that term is defined in the Internal Revenue Code.

[16] Vance, while focusing exclusively on the last of the four types, regarding any "qualified educational loan," contends that Section 523 does not apply to the student loan at issue. Specifically, she argues that the student loan does not meet the definition of a "qualified education loan" as that term is defined by the Internal Revenue Code in 26 U.S.C. § 221(d)(1), which states in relevant part:

> (1) Qualified education loan. -- The term "qualified education loan" means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses--
>
>> (A) which are *incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent* of the taxpayer as of the time the indebtedness was incurred,
>>
>> (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and

> (C) which are attributable to education furnished during a
> period during which the recipient was an eligible student.

(Emphasis added). Vance's argument is that since the student loan in question was "not incurred on behalf of [Vance], or [Vance]'s spouse or dependent, then the loan is not a qualified education loan under 26 U.S.C. § 221(d)(1) and is not excepted from discharge under 11 U.S.C. § 523(a)(8)." *Appellee's Brief* at 15.

[17] Lender, however, maintains that the "qualified education loan" exception – in Section 523(a)(8)(B) – is not the relevant subsection and thus it is unnecessary to determine whether the student loan at issue satisfies that definition.[2] Lender explains that, instead, "the subject student loan was excepted from discharge under subsection (A)(i) because it was 'an ***educational*** overpayment or ***loan*** made, insured, or guaranteed by a governmental unit, or ***made under any program funded in whole or in part*** by a governmental unit or ***nonprofit institution***.'" *Appellant's Brief* at 14 (quoting from and adding emphasis to 11 U.S.C. § 523(a)(8)(A)(i)).

[18] Lender urges that "the record plainly establishes" that the student loan in question was an education loan that was funded in whole or in part by a non-profit institution. *Appellant's Brief* at 14. In doing so, Lender refers to the loan documents, including the Credit Agreement which states in bolded letters:

---

[2] Lender states that, not only is it unnecessary to decide that issue, but also any such determination would need to be made by the bankruptcy court.

**12. I understand and agree that this loan is an education loan and certify that it will be used only for costs of attendance at the School. I acknowledge that the requested loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code because either or both of the following apply: (a)** *this loan was made pursuant to a program funded in whole or in part by The Education Resources Institute, Inc. ("TERI"), a non-profit institution***, or (b) this is a qualified education loan as defined in the Internal Revenue Code. This means that if, in the event of bankruptcy, my other debts are discharged, I will probably still have to pay this loan in full.**

*Appellant's Appendix Vol. 2* at 45 (italics added). Other designated documents, namely the account's payment history and the 2006-4 Pool Supplement, which transferred and assigned the loan to National Collegiate Funding LLC, also reflect that TERI was a guarantor.[3] Lender argues that it thereby designated evidence showing that the student loan was made pursuant to a program funded by a non-profit institution, TERI, and, absent undue hardship to the debtor, which Vance does not claim, the student loan was not discharged in Vance's Section 727 general discharge from bankruptcy. We agree.

---

[3] As pointed out by Lender, case law provides that a TERI-guaranteed loan program, even if TERI did not fund the debtor's specific loan, meets the standard set forth in Section 523(a)(8)(A)(i). *Appellant's Brief* at 15-18 and *Reply Brief* at 11; *see e.g.*, *In re O'Brien*, 419 F.3d 104, 106 (2nd Cir. 2005) (holding that Section 523(a)(8) was applicable where TERI "merely guaranteed, without funding" the debtor's particular loan, obtained through Key Bank, as 523(a)(8) requires only that loan was "made under any program funded in whole or in part by" a non-profit institution); *Decker v. EduCap, Inc.*, 476 B.R. 463, 468 (W.D. Pa. 2012) (finding that Section 523(a)(8)(A)(i) was satisfied where non-profit entity guaranteed loan that was funded by Bank of America, noting "Congress' intentionally stringent limits on the dischargeability of educational loans"); *In re Drumm*, 329 B.R. 23, 35 (Bankr. W.D. Pa. 2005) (finding that a non-profit guarantee was enough and that meaningful financial contribution or meaningful financial risk are not required).

[19] Where, as here, Lender designated evidence that the loan was not discharged, the burden shifted to Vance to show that a genuine issue of material fact existed precluding summary judgment. Although Vance suggested that a question of fact remained as to whether the loan was a "qualified educational loan" under Section 523(a)(8)(B), we agree with Lender that such a determination is not warranted under the facts of this case, where the loan satisfied the parameters of Section 523(a)(8)(A).[4]

[20] Having found that Lender established, through Section 523 and the designated evidence, that the student loan at issue was not discharged in bankruptcy, and where there is no dispute as to the fact that Vance co-signed on the loan or as to the amount due and owing, Lender has established that it is entitled to judgment as a matter of law on its claim to collect the debt. Accordingly, we reverse the trial court's entry of summary judgment in favor of Vance and remand with instructions to enter judgment in Lender's favor on its Complaint against Vance.

[21] Judgment reversed and remanded with instructions.

Brown, J. and Tavitas, J., concur.

---

[4] Courts have determined Section 523(a)(8)(A)(i)'s discharge exception for government or non-profit-funded loans applies to non-related, non-student debtors, like Vance. *See Corletta v. Texas Higher Educ. Coordinating Bd.*, 531 B.R. 647, 653 (W.D. Tex. 2015); *Cockels v. Mae*, 414 B.R. 149, 155 (E.D. Mich. 2009).